I'm Dominic Cappucci. If it pleases the Court, I'm representing the petitioner in this matter. On behalf of the Law Offices of Kaiser and Cappucci and the Law Offices of Chung and Pong, this is a collaborative project between the two law offices. Speak right up. Thank you, Your Honor. That just records. We need to have some volume in your voice. Yes, Your Honor. Thank you very much for reminding me of that. Today, the Court simply must review the immigration judge's decision, because the Board of Immigration Appeals simply affirmed that decision. And the Board basically is taking as fact the findings of fact to the immigration judge. So what we have to determine today is whether or not the immigration judge erred in her determination that there is no nexus between the persecution that petitioner suffered and will suffer versus one of the five enumerated grounds. This case does not entail whether or not the petitioner suffered persecution or suffered harm that rises to the level of persecution. That element of asylum was, in effect, pretermitted by the immigration judge at the record of 116 and 117 particularly. And therefore, what happened was the judge, determining that there was no nexus, decided that there was no reason to seek whether or not there was sufficient harm to equate to persecution, because if there's no nexus, one of the essential elements of asylum is not there, and therefore, the claim cannot succeed. Would you agree that the petitioner's strongest claim is her contention that if returned to China as a consequence of what happened to her family, she would be prevented from having children? I don't believe that's the strongest claim. I believe that her strongest claim is that two things. Number one, the immigration judge found that her testimony was entirely credible, and she testified she would be arrested upon returning to China. So I think that is a form of persecution that she should fear. Secondly — Arrested for what? Well, the immigration judge erroneously states — What did she say she would be arrested for if she were to return to China? In her declaration, she just says she fears that she will be arrested upon returning. What did she say in her testimony? She didn't — she was — I thought she said she would be arrested because she left without permission. Is that right? I don't believe it is. I did look for that. Okay. So all we know is that her claim, at least in her application, was that she would be arrested if she returned, no stated reason for the possible arrest, right? Yes, Your Honor. But — And there's nothing in her testimony that describes why she would be arrested if she was returned? That's correct, Your Honor, but I would like to — But why in the world would you want to spend your time here today talking about an allegedly stronger ground where there's no support in the record? Because my claim here today is that that aspect of persecution was not fully discussed because the nexus was determined not to exist. And the Court repeatedly told counsel not to discuss discrimination or — I can't convince you where to put this on your list of priorities. Let's at least address the merits of the claim about the fact that if she were returned, her allegation that if she were returned to China, she would be prevented from having children. That is an issue, isn't it? It is an issue. She did state that would be true. And she was believed by the immigration judge. And she was believed by the immigration judge. Is the immigration judge correct in saying that this is not a ripe claim? That's the exact word that she used, Your Honor, and that's correct. I know that's what she said. But let me rephrase my question. Was she correct in saying the claim is not ripe? I don't believe that that is accurate, and the reason why I believe that is because she has the right to procreation and she's stating that she desires to pursue that right and she will not be allowed to pursue that right. And my apologies for veering away from the interest of the Court. But my – the legal error that I see by the Court is that there is a nexus, and the whole claim was denied because there allegedly was not. And if we believe the – excuse me – the Petitioner's testimony – Well, we do. She was found credible, right? Right. Then the judge cannot say that there is no nexus because the record's clear, especially at page 56 and 119, that she was targeted in the past specifically because she was a member of a family who did not follow the regulations and she was, quote, a not nice factor. Well, there's no nexus between that and her fear of arrest in the record. She says – and I just found it because I was looking for it when Judge Hawkins asked it – here, she's questioning, well, once I step back to the country, I'd be arrested by the government. Question, what would be the reason for arresting me? Answer, they would accuse me of illegally leaving the country and they would impose the fine besides the jail term. Now, what offense do you think the government would accuse you of committing? Judge, to Mr. Pang, she just said it, illegally leaving the country. That's what she said. Answer, illegally leaving. Okay. Yes, Your Honor. So, tell me how that gets to be. Well, I think that the harm that I was talking about would be, one, the inability to pursue one's right to procreation, and that's the future harm, and also the past harms that she suffered were clearly on account of her membership in a particular social group, that being the family, and the political opinion that was imputed upon her. I think we understand your argument. You've got about three minutes. Why don't you save it for rebuttal? I will, Your Honor. Thank you. Thank you very much. We're hearing from the government at this time. And I'm sorry, Mr. Conant, I didn't realize in rearranging order that I would be having to argue two cases together. So, go right ahead. Not a problem, Your Honor. May it please the Court, I am Blair O'Connor, and represent John Ashcroft in this matter. Your Honors, in this case, Petitioner seeks to step in her father's shoes and claim persecution on account of an unsuccessful sterilization procedure that occurred to him over 20 years ago. Isn't the crux of the problem, if there is one, with this particular case, that the immigration judge concluded that there could not, under any circumstances, be a nexus between anything that might happen to her and what happened to her family? Isn't that just the heart of the matter? I would probably agree, Your Honor, yes. But the boards and the boards... That's wrong, isn't it? I mean, because if she's right, that if she were returned to China, she would be automatically precluded from starting her own family because of her parents' violation of Chinese population control policies, that might be a case. Well, that's where the government would have a problem with that finding, Your Honor. I looked at all the documents submitted by Petitioner in this record, and I didn't find anywhere, any evidence in this record that indicates that the China family planning policy is collectively enforced against the entire family unit on account of the parents' violations. The government would assert that Ms. Zheng will stand on her own accord if she is returned to China. I mean, she's presently not married. She presently has no children. She'd be allowed to have one child if she returns. And at that point, if she makes the election to have a second, then depending upon where she resides, the planning policy may or may not be enforced against her. But Mr. O'Connor, the Petitioner here testified before the immigration judge that if she were to return to China because of her parents' prior unsuccessful sterilization, she would not be allowed to have any children. That testimony was not objected to on the basis of an opinion, conclusion, no foundation, or anything else. There was no motion to strike, and the IJ accepted her credibility. That's the evidence in the record. What more do you need? Well, again, Your Honor, I would believe that's the... I mean, it would be nicer if you had 15 learned law reviews and some actual regulations in the Federal Register of China saying what she said would be nicer. But is it necessary? Again, Your Honor, that testimony, the government doesn't view that as a factual assertion. It's her opinion. Well, of course it is. Did you object the move to strike? It did not occur, Your Honor, no. But it was contradicted... I take it you didn't try this case. No, Your Honor. I mean, I use the collective you. Yes, I understand, Your Honor. But, I mean, we would point out, too, that looking at the State Department reports, they would somewhat they would conflict with that testimony that she gave, because there's nothing in the State Department reports that indicate that if parents violate the family planning policy, then automatically the kids are precluded from having any children whatsoever. What you're saying is that since the IJ did not reach the question whether she had a well-founded fear of persecution because she said the claim is not right, the issue should be returned to the BIA to make a finding as to whether changed country conditions remove that well-founded fear of persecution? Yes, Your Honor, again, clearly I think that the immigration judge and the Board are both correct in that there was no finding of past persecution. I've heard. The Board did go the extra step. But she can establish a well-founded fear of future without the past, right? It's her burden, yes, Your Honor. It's a matter of law. Yes, Your Honor. It just operates without the presumption. Pardon me? I mean, the fact that there's no past persecution is not fatal to the claim. It just means that it's analyzed without the presumption. Yes, Your Honor. Right.  I think here's the situation in a nutshell. She testifies that when she goes back, she's going to be discriminated against and not allowed to have children. That's the only evidence I see in the record of this. The country reports don't address that issue. They describe the population control policy. But as I read them, and I may have missed it, they don't address that particular issue. So we don't know one way or the other. The Board does not address that issue in its opinion. So is it remand required so that the Board can, in fact, address that? Because that may be enough for her to establish a well-founded fear of future persecution. Certainly, it is subjectively. We don't know objectively whether it's true or not. Again, Your Honors, the government is in a difficult position, obviously, because the immigration judge found her credible. I mean, it would have been her burden to establish the well-founded fear and to put evidence that would support her bold-faced assertion that, well, because my parents violated the policy, I'm going to be precluded from having any kids whatsoever. Obviously, the State Department reports did not support that. What does it say in the State Department's reports about that specific question? They're completely silent. So how do you conclude that it affirmatively disproves her assertion? We just don't know, right? Here's why, Your Honor, too. Also, we would point the court that, again, what happened to her parents occurred in the mid-'80s, and it may very well have been that, during the mid-'80s, China's family-planning policy was being much more strictly enforced in the rural areas. The State Department reports that are submitted at the time of the asylum hearing in 1998 strongly indicate that the family-planning policy was only being strictly enforced in the big cities. How can we reach that issue? Civil war? Civil cases? My background prior to coming to this office was criminal, Your Honor. Okay. Because what this reminds me of is a situation where a trial judge has dismissed a claim for failure to state a claim, and there's really been no careful examination of the claim, and perhaps that needs to be what happens. I think we understand your argument. Thank you very much. Thank you. Anything you're dying to tell us? The only thing I would... You want to be real careful how you answer that question. Anything you're dying to tell us? No. The case just argued will be submitted for decision, and we'll proceed to the last case on the calendar, which was initially the first case on the calendar, and this is Hernandez-Angeles.
judges: Hawkins, Thomas, Bea